People v M.M. (2024 NY Slip Op 50776(U))

[*1]

People v M.M.

2024 NY Slip Op 50776(U)

Decided on June 25, 2024

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 25, 2024
Youth Part, Erie County

The People of the State of New York

against
M.M., AO.

Docket No. FYC-70244-24/001

Denise Herman, Esq., (Assistant District Attorney) 
Giovanni Genovese, Esq. (for Principal M.M.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Denise Herman, Esq. (Assistant District Attorney), dated June 6, 2024; responsive papers on behalf of AO M.M. by Giovanni Genovese, Esq. having been received on June 11, 2024; oral argument and a hearing on the motion having been waived in writing by the ADA; and due deliberation having been had, the Court finds the following:
Procedural History
AO M.M. is charged under FYC-70244-24/001 with one count of Criminal Possession of Stolen Property in the Third Degree, in violation of Penal Law § 165.50. AO M.M. is charged under FYC-71259-24/001 with one count of Criminal Possession of Stolen Property in the Second Degree, [*2]in violation of Penal Law § 165.52, and two counts of Criminal Possession of Stolen Property in the Fifth Degree, in violation of Penal Law § 165.40. Additionally, AO M.M. is charged under FYC-71263-24/001 with multiple Vehicle and Traffic Law infractions.
AO M.M. was scheduled to appear on FYC-70244-24/001 on January 30, 2024 for an arraignment. However, he did not appear and a warrant was signed and issued on February 2, 2024. On April 19, 2024, AO M.M. was arrested on the new charges under FYC-71259-24 and FYC-71263-24, and his arraignment was held that same day in Youth Part. This Court released AO M.M. under RUS supervision.
On April 22, 2024, the Department of Probation issued a Notice of Failure to Comply with Release Under Supervision (RUS). The Department of Probation alleged in their notice that AO M.M. gave their department misleading information on where he resided and additionally refused to keep Probation informed of his location.
A.O. failed to appear for at the 6 day reading on April 26, 2024. After a hearing, this Court found defendant to be willful and persistent, and issued a warrant for AO M.M.
On May 6, 2024, AO M.M. appeared in Court after he was picked up on his warrant in Niagara County. The People conceded the reading and this Court found that the charges did not meet the requirements of CPL § 722.23(2)(c) to remain in Youth Part. The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. An extraordinary circumstances decision on motion was scheduled for June 25, 2024, and AO M.M. was remanded until his next appearance.
Findings of Fact
It is alleged that on January 28, 2024, two Police Officers were alerted that a white Buick Enclave had been reported stolen. While on patrol, said Officers witnessed a car matching the description of the stolen vehicle drive past them, and the Officers began pursuing said vehicle. Upon detaining the vehicle, the driver of said vehicle attempted to flee from the Officers but was stopped. There were two additional passengers inside the stolen Enclave, one of whom was later identified as AO M.M. AO M.M. was arrested and charged under FYC-70244-24.
On April 19, 2024, it is alleged that a Buffalo Police Officer was alerted that a Blue Ford F-250 with Texas license plates was reported stolen. While on patrol, the Officer observed a car matching this description. She ran the vehicle's license plates through the DMV system and confirmed that the plates were invalid. She initiated a traffic stop. However, the driver of the Ford F-250 began to flee by accelerating the vehicle's speed, driving the wrong way down a one-way street, and violating additional vehicle and traffic laws. The vehicle eventually was stopped, and the driver began to flee on foot. The driver was detained and arrested, and later identified as AO M.M. It was later determined that the owner of the vehicle had left his driver's license and three credit cards in the stolen vehicle, all which were missing after the vehicle was recovered. Additionally, the license plates on the vehicle were determined to be invalid.
Conclusions of Law
Pursuant to CPL § 722.23(1)(a), the Court shall order removal of the action to Family Court unless, within 30 days of arraignment, the District Attorney makes a written motion to prevent removal of the action. 
Pursuant to CPL § 722.23(1)(d), the Court shall deny the district attorney's motion to prevent removal unless the Court determines that extraordinary circumstances exist that should prevent the transfer of the action to Family Court. CPL § 722.23 does not define the term "extraordinary circumstances".
In People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021), the Court referenced the common dictionary and the legislative history of the Raise the Age legislation and interpreted "extraordinary circumstances" to mean that "the People's Motion Opposing Removal must be denied unless they establish the existence of an 'exceptional' set of facts which 'go beyond' that which is 'usual, regular or customary' and which warrant retaining the case in the Youth Part instead of removing it to the Family Court."
New York State Assembly members debating the Raise the Age legislation indicated that the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare". NY Assembly Debate on Assembly Bill A03009C, Part WWW, at 39, April 8, 2017; see also, People v S.J., 72 Misc 3d 196 (Fam Ct 2021). "[T]he People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is a strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021) citing Assembly Record, p. 39.
The legislators indicated that in assessing "extraordinary circumstances", the Judge should consider the youth's circumstances, including both aggravating factors and mitigating circumstances. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021); Assembly Record, pp. 39 to 40. Aggravating factors make it more likely that the matter should remain in Youth Part, and mitigating circumstances make it more likely that the matter should be removed to Family Court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021).
Aggravating factors include whether the AO: (1) committed a series of crimes over multiple days, (2) acted in an especially cruel and heinous manner, and (3) led, threatened, or coerced other reluctant youth into committing the crimes before the court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record, p. 40.
Mitigating circumstances are meant to include a wide range of individual factors, including economic difficulties, substandard housing, poverty, difficulties learning, educational challenges, lack of insight and susceptibility to peer pressure due to immaturity, absence of positive role models, behavior models, abuse of alcohol or controlled substances by the AO, or by family or peers. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record at 40. This Court considered only those exhibits and documents whose content fall within the mandate of CPL § 722.23(1)(b) in making this decision.
The People state that AO M.M.'s actions were cruel and heinous in that he was an active participant in two (2) auto thefts. The People allege that AO M.M. created "a significant risk of danger to the community" by his actions while fleeing the police. Further, the People contend that AO M.M. will not be amenable to Family Court services. They reference AO M.M.'s lack of cooperation throughout the pendency of his pending matters at hand, and his failure to comply with the rules of probation.
Defense counsel alleges that the People have failed to meet their burden and this matter should be removed to Family Court. He argues that the incidents were not especially heinous. No one was injured, and no weapons were recovered. Additionally, counsel alleges that his client may be amenable to the heightened services of Family Court.
Based on the foregoing, this Court finds that the People met their burden of proving that this young person is not amenable to or would not benefit in any way from the heightened services in Family Court. AO M.M. has shown that he is unwilling to cooperate with the rules and regulations of probation, has failed to appear in court leading to findings of willfulness and persistence and the [*3]issuance of a warrant, and by getting re-arrested for a substantially similar crime while released on other felony charges. Through his conduct, AO M.M. illustrates a blatant disregard for this Court's Orders, as well as the additional opportunity to correct his behavior after his first arrest.
Extraordinary circumstances exist to prevent the transfer of this action to Family Court. The People met its burden to prevent removal of this action to Family Court. This matter shall remain in the Youth Part.
This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN